IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisco Leon,<br><br>             Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>             Respondents. | No. CV-14-01755-PHX-DLR (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE DOUGLAS L. RAYES, UNITED STATES DISTRICT JUDGE:**

      Pending before the Court is Francisco Leon's ("Petitioner") Amended Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (the "Amended Petition") (Doc. 7). Respondents have filed their Answer (Doc. 13). Petitioner has not replied. The matter is deemed ripe for consideration.

      Petitioner raises three grounds for habeas relief in the Amended Petition. The undersigned finds that the Amended Petition is time-barred under the one-year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214.[1]  It is therefore recommended that the Amended Petition be denied and dismissed with prejudice.

---

[1] The one-year statute of limitations for a state prisoner to file a federal habeas petition is codified at 28 U.S.C. § 2244(d).

# I. BACKGROUND

## A. Convictions and Sentences

On December 20, 2007, Petitioner pled guilty to three counts of attempted molestation of a child in violation of Arizona law.[2] (Doc. 13-1 at 11). The trial court accepted Petitioner's guilty pleas. (*Id.* at 17). On January 25, 2008, the trial court sentenced Petitioner to a ten-year term of incarceration for the first count of attempted molestation of a child and lifetime probation for each of the remaining two counts. (*Id.* at 21-22).

## B. Post-Conviction Relief

On May 20, 2008,[3] more than ninety days after the entry of judgment and sentencing, Petitioner filed a notice of post-conviction relief ("PCR") (the "First PCR Notice"). (*Id.* at 26). On June 19, 2008, the trial court dismissed the First PCR Notice because Petitioner "failed to provide meritorious reasons to allow the untimely filing, as is required by Rule 32.2(b) of the Arizona Rules of Criminal Procedure." (*Id.* at 34). The Arizona Court of Appeals denied review. (*Id.* at 37, 63).

Petitioner filed a second PCR petition in July 2012 (the "Second PCR Petition"). (*Id.* at 68). The trial court dismissed the Second PCR Petition, ruling that Petitioner failed to state a claim for which relief can be granted in an untimely Rule 32 proceeding. (*Id.* at 76). Petitioner petitioned the Arizona Court of Appeals for review. (*Id.* at 78). On November 29, 2013, the Arizona Court of Appeals granted review, but denied relief. (*Id.* at 84). The Arizona Supreme Court denied review. (*Id.* at 89, 93).

On August 5, 2014,[4] Petitioner filed a Petition under 28 U.S.C. § 2254 for a Writ

---

[2] ARIZ. REV. STAT. §§ 13-1401, 1410, 3821, 610, 604.01, 702, 702.01, 801, 1001.

[3] Although the First PCR Notice was filed-stamped by the Clerk of Court on May 27, 2008, Petitioner dated it May 20, 2008. (Doc. 13-1 at 28). Because it does not affect the outcome, the undersigned has given Petitioner the benefit of the prison mailbox rule and has used May 20, 2008 as the filing date. *Porter v. Ollison,* 620 F.3d 952, 958 (9th Cir. 2010) ("A petition is considered to be filed on the date a prisoner hands the petition to prison officials for mailing.").

[4] The Original Petition was docketed by the Clerk of Court on August 6, 2014. Although Petitioner did not complete the certificate of service in the Original Petition,

of Habeas Corpus by a Person in State Custody (Doc. 1) (the "Original Petition"). The Court dismissed the Original Petition with leave to amend for failure to allege the particular federal constitutional right violated in each ground for relief (Doc. 6 at 2-3). On October 27, 2014,[5] Petitioner filed the Amended Petition, which the Court required Respondents to answer (Doc. 9). The undersigned finds that the claims in the Amended Petition relate back to the claims in the Original Petition. Accordingly, the undersigned has used the August 5, 2014 filing date of the Original Petition instead of the later filing date of the Amended Petition for purposes of determining whether this federal habeas action is timely. Fed. R. Civ. P. 15(c)(2); *Mayle v. Felix*, 545 U.S. 644, 655 (2005).

## II. FEDERAL HABEAS LAW

Under AEDPA, a state prisoner must file his or her federal habeas petition within **one year** of the latest of:

> A. The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B. The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from filing by the State action;
>
> C. The date on which the right asserted was initially recognized by the United States Supreme Court, if that right was newly recognized by the Court and made retroactively applicable to cases on collateral review; or
>
> D. The date on which the factual predicate of the claim

---

Petitioner dated it August 5, 2015. (Doc. 1 at 11). The Original Petition was also postmarked August 5, 2015. (Doc. 1-1). Pursuant to the prison mailbox rule, the undersigned has used August 5, 2014 as the filing date.

[5] The Amended Petition was docketed by the Clerk of Court on October 29, 2014. The Amended Petition contains a certificate of service indicating that Petitioner placed the Amended Petition in the prison mailing system on October 27, 2014 (Doc. 7 at 11). Pursuant to the prison mailbox rule, the undersigned has used October 27, 2014 as the filing date.

>presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also Hammerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007). The one-year limitations period, however, does not necessarily run for 365 consecutive days as it is subject to tolling. Under AEDPA's statutory tolling provision, the limitations period is tolled during the "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added); *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006) (limitations period is tolled while the state prisoner is exhausting his or her claims in state court and state post-conviction remedies are pending) (citation omitted).

AEDPA's statute of limitations is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases."). Yet equitable tolling is applicable only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Roy*, 465 F.3d at 969 (citations omitted); *Gibbs v. Legrand*, 767 F.3d 879, 888 n.8 (9th Cir. 2014). A petitioner must show (i) that he or she has been pursuing his rights diligently and (ii) some extraordinary circumstances stood in his or her way. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); s*ee also Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009); *Roy*, 465 F.3d at 969.

### III.  ANALYSIS OF THE AMENDED PETITION

In this case, the relevant triggering event for purposes of AEDPA's statute of limitations is the date on which Petitioner's judgment became "final by the conclusion of direct review or the expiration of the time for seeking such review."[6] 28 U.S.C. §

---

[6] To the extent Petitioner may be arguing that he is entitled to a later start date of the statute of limitations under 28 U.S.C. § 2244(d)(1)(C) due to the Supreme Court decisions *Missouri v. Frye*, 132 S.Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), the claim fails. Those decisions did not create a newly recognized right that has been made retroactively applicable to cases on collateral review. *Buenrostro v. United*

2244(d)(1)(A). Typically "direct review" means a defendant's direct appeal following his or her convictions and sentencing. But under Arizona law, a defendant in a non-capital case who pleads guilty waives his or her right to a direct appeal. *See* ARIZ. REV. STAT. § 13–4033(B). A plea-convicted defendant, however, is entitled to a Rule 32 of-right proceeding. *See* Ariz. R. Crim. P. 32.1 and 32.4.

Under Ninth Circuit case law, an Arizona defendant's Rule 32 of-right proceeding is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A). *See Summers v. Schriro*, 481 F.3d 710, 711, 716-17 (9th Cir. 2007). The Ninth Circuit explained that "treating the Rule 32 of-right proceeding as a form of direct review helps make the Arizona Constitution's guarantee of 'the right to appeal in all cases' a functioning reality rather than a mere form of words." *Summers*, 481 F.3d at 717. Therefore, when an Arizona petitioner's Rule 32 proceeding is of-right, AEDPA's statute of limitations does not begin to run until the conclusion of review or the expiration of the time for seeking such review. *See id.*

**A. The Statute of Limitations Began Running on April 25, 2008**

Here, Petitioner was originally sentenced on January 25, 2008. (Doc. 13-1 at 21-22). Petitioner had 90 days, or until April 24, 2008, to file an of-right PCR petition. Ariz. R. Crim. P. 32.4. Petitioner did not file the of-right First PCR Notice until May 20, 2008. (*Id.* at 26). The trial court dismissed the First PCR Notice because it was untimely. (*Id.* at 34). Therefore, Petitioner's convictions and sentences became final on April 24, 2008 and the one-year statute of limitations began running on April 25, 2008. *Summers,* 481 F.3d at 717; *see Gonzalez v. Thaler*, 132 S.Ct. 641, 654 (2012) (AEDPA's

---

*States,* 697 F.3d 1137, 1140 (9th Cir. 2012) ("Because the Court in *Frye* and *Lafler* repeatedly noted its application of an established rule to the underlying facts, these cases did not break new ground or impose a new obligation on the State or Federal Government."). Even if the decisions did entitle Petitioner to a later start date of the limitations period, the Original Petition would still be untimely as it was filed more than one year after the decisions were issued on March 21, 2012. As the Arizona state court deemed the Second PCR Petition filed in July 2012 untimely, it was not "properly filed" and would have no statutory tolling effect. *Pace*, 544 U.S. at 417.

statute of limitations commences upon the expiration of the time for seeking review of petitioner's judgment in a state's highest court); *Randle v. Crawford*, 604 F.3d 1047, 1050, 1054-57 (9th Cir. 2010) (holding that petitioner's conviction became final upon expiration of time for seeking direct review and not upon the date the appellate court dismissed the direct appeal as untimely); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001) ("Excluding the day on which Patterson's petition was denied by the Supreme Court [June 19, 1997], as required by Rule 6(a)'s "anniversary method," the one-year [AEDPA] grace period began to run on June 20, 1997 and expired one year later, on June 19, 1998"). Consequently, unless statutory or equitable tolling applies, Petitioner's one-year deadline to file a habeas petition expired on April 24, 2009.

### 1. Statutory Tolling Does Not Apply

In July 2012, Petitioner filed the Second PCR Petition. (Doc. 13-1 at 68). The statute of limitations, however, had expired on April 24, 2009. Once the statute of limitations has run, subsequent collateral review petitions do not "restart" the clock. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Moreover, the Arizona state court ruled that the Second PCR Petition was untimely. (Doc. 13-1 at 76). Therefore, the Second PCR Petition was not properly filed and had no tolling effect even if the statute of limitations had not yet expired at the time of filing. *Pace*, 544 U.S. at 417.

### 2. Equitable Tolling Does Not Apply

It is a petitioner's burden to establish that equitable tolling is warranted. *Pace*, 544 U.S. at 418; *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate."). As mentioned, a petitioner seeking equitable tolling must establish that: (i) he or she has been pursuing his or her rights diligently and (ii) that some extraordinary circumstances stood in his or her way. A petitioner must also show that the "extraordinary circumstances" were the "but-for and proximate cause of his [or her]

untimeliness." *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001) (per curiam); *see also Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). A petitioner's *pro se* status, on its own, is not enough to warrant equitable tolling. *See, e.g., Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). Petitioner does not allege that he is entitled to equitable tolling. Nor does the Amended Petition set forth grounds that would justify equitable tolling. As Petitioner has not met his burden of showing that extraordinary circumstances made it impossible for him to file a timely federal petition, equitable tolling is therefore unavailable.

### 3. As the Statute of Limitations Expired on April 24, 2009, this Federal Habeas Proceeding Initiated on August 5, 2014 is Untimely

To summarize the preceding sections, Petitioner's convictions and sentence became final on April 24, 2008 and AEDPA's statute of limitations began running on April 25, 2009. Neither statutory nor equitable tolling applies. Accordingly, the statute of limitations expired on April 24, 2009, which means that the Original Petition filed on August 5, 2014 is years late. Petitioner makes no claim that the Court should apply the "actual innocence gateway" to excuse the untimeliness of the Original Petition.[7]

### IV. CONCLUSION

Based on the foregoing reasons, the undersigned recommends that the Court deny and dismiss with prejudice the Amended Petition (Doc. 7) on the basis that it is time-barred.

Accordingly,

**IT IS RECOMMENDED** that the Amended Petition (Doc. 7) be **DENIED** and

---

[7] In *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931-34 (2013), the Supreme Court announced an equitable exception to AEDPA's statute of limitations. The Court held that the "actual innocence gateway" to federal habeas review that was applied to procedural bars in *Schlup v. Delo*, 513 U.S. 298, 327 (1995) and *House v. Bell*, 547 U.S. 518 (2006) extends to petitions that are time-barred under AEDPA. The "actual innocence gateway" is also referred to as the "*Schlup* gateway" or the "miscarriage of justice exception."

1 **DISMISSED WITH PREJUDICE**.

2 **IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Petition is justified by a plain procedural bar.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 16th day of September, 2015.

_____
Eileen S. Willett
United States Magistrate Judge